IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| ASKAN HOLDINGS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No.: 20-1870C<br>Judge Hertling |

## FIRST AMENDED COMPLAINT

Plaintiff Askan Holdings, Ltd. ("Askan"), by and through undersigned counsel, pursuant to Rule 15(a)(1)(B) of the Rules of the United States Court of Federal Claims, brings this amended complaint alleging the following under the United States Constitution, Fifth Amendment Takings Clause:

## PARTIES

1. Askan is a Seychelles-registered aircraft holding company whose principal place of business is in Turkey. Askan is a wholly owned subsidiary and the dedicated holding company of Transylvania International Airlines SRL ("TIA"), a Romanian company which operates aircrafts. Mr. Nizam Kucuk Akyuz, who is a citizen of the Netherlands, is TIA's director and sole shareholder. Askan is not involved with or associated with any individual, entity, or country targeted by United States economic and trade sanctions.

2. The agencies of Defendant United States of America ("Defendant") include the

1

Office of Foreign Assets Control ("OFAC"), a federal agency within the United States Department of Treasury located at 1500 Pennsylvania Avenue, NW, Washington, DC 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries, regimes, and other entities. OFAC enforces the Global Terrorist Sanctions Regulations ("GTSR"), 31 C.F.R. Part 594, which is a set of regulations prohibiting transactions between U.S. persons and designated terrorists or individuals whose property or interests in property are blocked pursuant to 31 C.F.R. § 594.201. Andrea Gacki is the Director of the Office of Foreign Assets Control and is responsible for implementing and enforcing the GTSR.

## JURISDICTION

3. Askan seeks money damages in excess of $10,000 against the United States due to violations of the Takings Clause of the Fifth Amendment of the United States Constitution. The United States Court of Federal Claims has jurisdiction over this action pursuant to 28 U.S.C. §§ 1491(a)(1) and 1346(a)(2).

## BACKGROUND AND FACTS COMMON TO ALL COUNTS

4. In order to operate a commercial airline, TIA must maintain an Air Operator Certificate ("AOC"). TIA lost its AOC in August 2015 after it could not maintain the statutorily required number of commercial flights. To regain its AOC, TIA sought to purchase an Airbus A320 so it could make the required number of flights.

5. On January 4, 2016, Askan made a down payment of $923,000 for the purchase of an Airbus A320 from JetPro International, LLC ("JetPro"), an American company based in Arizona. Askan deposited these funds with Froriep, a Swiss law firm, who acted as escrow

agent. When JetPro cancelled the transaction, Askan requested that Froriep return the $923,000 down payment, less an escrow fee. On February 3, 2016, Froriep attempted to transfer the funds but the transaction was blocked.

6. OFAC instructed Deutsche Bank Trust Company Americas ("Deutsche Bank Americas") to refuse to refund Askan's down payment, minus escrow fees, totaling $915,960.96. Pursuant to 31 C.F.R. § 594.203(a), Deutsche Bank Americas was required to place Askan's funds in an account in the United States, where the funds remained blocked. Under 31 C.F.R. § 594.202(c), Deutsche Bank Americas was prohibited from returning Askan's property without a specific license from OFAC.

7. Froriep petitioned OFAC to unblock the funds on February 22, 2016. Askan also petitioned OFAC to unblock the funds on May 18, 2016. OFAC denied the petition (case number SDGT-2016-327008-1) on May 2, 2017, with no detailed explanation as to why the funds were blocked. When OFAC provided no information as to why the funds were blocked, Askan was unable to remedy the block. As such, Askan employed attorneys and experts to comb through the publicly available Specially Designated Global Terrorist ("SDGT") list, to find who could possibly be the SDGT with an interest in their refund transaction. This took two years and yielded no results. Askan was unable to find a single sanctioned individual with an interest in their refund. Askan twice petitioned OFAC for a license to release the funds, but for more than four years, OFAC denied those petitions. In those denials, OFAC provided no details as to why the funds were blocked, except for providing only that a SDGT sanctioned under the GTSR was involved in the transaction. OFAC has never identified the alleged SDGT, of which is deemed to be public information and to be published.

8. On October 9, 2019, and for the first time via current counsel of record in this case, Askan filed another license application (OFAC License No. SDGT-2019-363638-1) requesting that OFAC order Deutsche Bank Americas to release Askan's property. Askan's counsel maintained consistent and regular written and verbal communication with OFAC at various levels regarding the status of this license application.

9. On August 17, 2020, OFAC finally issued a license for the return of Askan's funds, only after Askan filed suit in the United States District Court for the District of Columbia (Case No. 1:20-cv-01458-RJL, "District Court Lawsuit"). Even then, OFAC still did not provide the identity of the SDGT allegedly responsible for causing the block.

10. However, Askan was still unable to retrieve its funds as OFAC had, , issued a license to the State of New York Office of Comptroller ("Comptroller") and a license to Deutsche Bank Americas allowing Deutsche Bank Americas to turn over Askan's funds to the Comptroller and declared by OFAC as funds abandoned by Askan, and therefore to be escheated by the Comptroller. This occurred during such time and amidst communication with Askan's current counsel of record and without notice to Askan. The Comptroller took possession of Askan's funds in November 2019. This caused further delay as the funds continued to be blocked. It was not until Askan commenced injunction litigation against OFAC, that OFAC finally issued a license to the Comptroller to return the funds to Askan. It was not until March 2021, that Askan finally received its funds from the Comptroller.

11. OFAC exercised dominion and control over Askan's private property – money – when it compelled Deutsche Bank Americas to block the return of Askan's down payment for nearly five years. Had Askan not filed an injunction against OFAC for a decision on its license application, it is highly likely that Askan may never have received a license with

any pertinent explanation as to the prior license applications denials, nor would it have recovered it funds.  OFAC further exercised control over Askan's property when it licensed Deutsche Bank Americas to release the money to the Comptroller and simultaneously licensed the Comptroller to take possession of Askan's funds.  The Comptroller was unable to return Askan's money down payment until, and only after much injunction litigation, OFAC finally issued a license to the Comptroller to return the money to Askan. This is clearly a Takings Clause violation as OFAC took Askan's private property without just compensation for the public interest (public interest being the supposed protection of the public from an unknown SDGT whose identity is legally supposed to be published and public, from gaining whatever unknown interest it had in Askan getting its money back).

12. As a result of OFAC's regulatory taking of Askan's money property, Askan has been forced to pay approximately $663,683.77 in attorneys' fees and other costs, which continue to mount. In addition to this cost, Askan was denied access to its property for more than four years and suffered other damages due to the regulatory taking without just compensation. TIA was forced into bankruptcy. TIA and Askan lost a €670,000 investment into its business, a one-year $2,160,000 lease to provide airline operations to another entity, the opportunity for other leasing agreements for the same aircraft worth at least $1,800,000 per year, and other business opportunities. These damages cost approximately $11,264,897.

## COUNT ONE

**Four Year Plus Block of Askan's Property was a Regulatory Taking in Violation of the Fifth Amendment**

13. Askan repeats and realleges paragraphs 1 through 12 above.

14. The Fifth Amendment Takings Clause prohibits the government from taking private property for public use without just compensation. OFAC's implementation of laws and

regulations pertaining to economic sanctions denied Askan complete access to its private property, including the right to use the property in general and to use the property to its full economic advantage. Askan was deprived of its property for more than four years without just compensation or meaningful recourse, and even without the proper otherwise public knowledge to retrieve its property from the United States (or to even safely continue any further business without the identity of the alleged SDGT person or company). Askan's property was taken for public use as the purpose of the blocking regulations is to broadly protect against terrorism and the financing of terrorists.

15.     Requiring Deutsche Bank Americas as well as the Comptroller to maintain possession of and continuing to block Askan's private property, OFAC effectively held in its own possession and use of Askan's private property.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff Askan Holdings, Ltd. requests the following relief:

1. Damages in the amount of approximately $11,264,897 against the United States for violation of Askan's constitutional rights under the Takings Clauses of the Fifth Amendment;

2. A declaration that Defendant has violated the Takings Clause of the Fifth Amendment of the United States Constitution.

3. An award to Askan of its reasonable attorneys' fees and the costs and disbursements incurred in this action, approximately $663,683.77; and

4. Such other and further relief as this Court deems just and proper.

Dated:  April 02, 2021                                              Respectfully submitted,


                                                                    /s/ Teresa N. Taylor
                                                            Teresa Taylor
                                                            (Attorney of Record)
                                                            Lindsey Dennis
                                                            (*pro hac vice*)
                                                            Butzel Long, P.C.
                                                            1909 K Street, N.W., Suite 500
                                                            Washington, DC  20006
                                                            Tel:  (202) 454-2800
                                                            Fax: (202) 454-2805
                                                            taylortn@butzel.com
                                                            dennisl@butzel.com

                                                            *Counsel to Plaintiff Askan Holdings, Ltd.*